# BENBROOK LAW GROUP

Professional Corporation

400 Capitol Mall, Suite 1610

Sacramento, California 95814

www.benbrooklawgroup.com

Telephone: (916) 447-4900

Facsimile: (916) 447-4904

Bradley A. Benbrook                                                                                          brad@benbrooklawgroup.com

September 6, 2016

**Via CM/ECF**
Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh St.
San Francisco, CA 94103-1526

      Re:     No. 14-16840, *Silvester v. Harris*
              Before Judges Sidney R. Thomas, Mary M. Schroeder, and Jacqueline H. Nguyen
              Argued and submitted Feb. 9, 2016

Dear Ms. Dwyer:

Pursuant to Fed. R. App. P. 28(j), we attach California Senate Bill No. 1235 (Reg. Sess. 2015-2016), Cal. Stats. 2016, ch. 55, which was signed into law on July 1.

Persons prohibited from owning a firearm have also long been prohibited from purchasing ammunition. Cal. Penal Code § 30305. SB 1235 will require background checks for ammunition purchases, and provides generally that ammunition will be "sold only to a person whose information matches an entry in the Automated Firearms System and who is eligible to possess ammunition" or "to a person who has a current certificate of eligibility." Legis. Counsel Digest, SB 1235, ¶ 1. In adopting the law, the Legislature declared that these requirements would "ensure that only law-abiding, responsible Californians who appear in the Automated Firearms System are able to purchase ammunition for their legally owned firearms while violent felons and the dangerously mentally ill who appear in the Armed Prohibited Persons System are not." Cal. Stats. 2016, ch. 55, § 19(b). Accordingly, acquisition of ammunition is now subject to instant background checks, without a waiting period, based on the same computerized database used to confirm whether prospective purchasers of firearms are prohibited.

In its brief to this Court, the State argued that the district court committed *clear error* in its factual findings regarding reliability of the AFS because, among other things, the State supposedly does not trust the accuracy of AFS. Opening Br. 54–57. SB 1235, however, reaffirms that the Legislature trusts AFS to immediately determine the eligibility of prospective purchasers. This is consistent with the district court's factual findings, which were not clearly erroneous. *See* Appellees' Br. 54–55.

Benbrook Law Group, pc

Silvester v. Harris
September 6, 2016
Page 2


      Finally, by directing DOJ to implement a background check that allows for instant release of ammunition tied to the AFS and certificates of eligibility, SB 1235 undermines the State's claim that the trial court abused its discretion in fashioning an injunction that similarly required DOJ to modify its background check procedures to cross-reference the AFS. *See* Appellees' Br. 59–60.


      Sincerely,

      /s/ *Bradley A. Benbrook*

      Bradley A. Benbrook