

**KAMALA D. HARRIS**
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5939
Facsimile: (415) 703-1234
E-Mail: Peter.Chang@doj.ca.gov

September 27, 2016

*Via CM/ECF*

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals, Ninth Circuit
95 Seventh St.
San Francisco, California 94103-1526

Re: *Silvester v. Harris*, Case No. 14-16840
Before Judges Sidney R. Thomas, Mary M. Schroeder, and Jacqueline H. Nguyen
Argued and submitted February 9, 2016

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant responds to Appellees' September 6, 2016, letter regarding California Senate Bill No. 1235.

Appellees cite S.B. 1235 as evidence that the California Legislature "trusts" the Automated Firearms System (AFS) to immediately determine the "eligibility" of prospective purchasers. Appellees thereby misstate the issue presented in this appeal and overstate the relevance of S.B. 1235.

The issue presented in this appeal is not whether the State of California trusts the reliability of the AFS. The issue is whether the district court erred by concluding that an entry in the AFS establishes that the associated person currently possesses a working firearm, such that applying a 10-day cooling-off period before that person can obtain a firearm is not a "reasonable fit" with the objective of maintaining public safety. Opening Br. 54-57; EOR 049; Reply Br. 21, n.14.

S.B. 1235's creation of a State eligibility check for ammunition purchases does not provide insight into that issue. Indeed, the Legislature's choice to maintain the waiting period for firearms purchasers is direct evidence that the Legislature believes that the cooling-off period reasonably achieves the State's public-safety objective. This is consistent with the appellate briefing, which demonstrated that a background check based on only AFS, or AFS and the Armed Prohibited Persons System (APPS), would be inadequate for firearms purchases. Opening Br. 55-57, 60-61; Reply Br. 26, n.16.

September 27, 2016
Page 2

In short, the Legislature's determination that the State's public-safety objectives are reasonably achieved through a more extensive background check and a waiting period for firearms purchases is not compromised by the enactment of a less extensive eligibility check for ammunition purchases, which is not set to go into force until 2019 in any event.

    Sincerely,

    /s/ Peter H. Chang

    Peter H. Chang
    Deputy Attorney General

For    KAMALA D. HARRIS
    Attorney General